[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 3, 1995, the plaintiff, Marilynne Stratton, filed an amended complaint in five counts against the defendant, Preferred Properties, Inc. (Preferred), alleging claims for misrepresentation, breach of contract, violation of the Connecticut Unfair Trade Practices Act (CUTPA), quantum meruit and violation of General Statutes § 31-71. On July 24, 1995, Preferred filed an answer, two special defenses and a counterclaim in two counts alleging claims for breach of contract and violation of CUTPA.
On August 8, 1995, Stratton filed a motion to strike the second count of Preferred's counterclaim, along with a memorandum of law. On September 6, 1995, Preferred filed an objection to to motion to strike and a memorandum of law.
In the first count of its counterclaim, Preferred alleges that it entered into a written contract with Stratton pursuant to which she became associated with Preferred as an "independent real estate agent." Preferred alleges that in April, 1994, it terminated its association with Stratton and that thereafter Stratton "in violation of her agreement with [Preferred] solicited various customers of [Preferred] to change their listings with respect to real estate then on the market for sale from Preferred . . . to CT Page 12109 [Stratton] or the real estate agency with which she was associated."
In the second count of its counterclaim, Preferred has incorporated the allegations of count one and further alleges that the action of Stratton "constitutes deceptive and unfair trade practices in violation of Connecticut General Statutes Section 42-110a, et seq." Preferred's mere reallegation of the allegations of count one of its counterclaim, without further allegations regarding the manner in which Stratton's acts were immoral, unethical or offensive to public policy, is insufficient to constitute a CUTPA claim. See Lanese v. Mecca, supra; Brewster v.Taylor, supra; Snetco v. Guardian Systems, Inc., supra. Accordingly, the motion to strike count two of Preferred's counterclaim is granted.
DEAN, J.